UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**SHARODD HARGROVE,**

       **Plaintiff,**

  v.

**ANGEL SANTIAGO,** *et al.*,

       **Defendant.**

Civ. No. 14-4754 (WJM)

**OPINION AND ORDER**

    This matter comes before the Court on *pro se* Plaintiff Sharodd Hargrove's second motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).  The Court assumes the parties' familiarity with the underlying facts of the case and prior decisions of the Court.  For the reasons stated below, the Court will **DENY** the motion.

    Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  District courts have "broad discretion" to decide whether requesting counsel is appropriate and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  In exercising its discretion to appoint counsel, the Court must first assess whether a given case or defense has merit. *Tabron*, 6 F.3d. at 155.  If the case has merit, the Court must next weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57.  The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

    The Court assumes without deciding that Plaintiff's claim has "some merit in fact and law."  However, the *Tabron* factors do not currently weigh in favor of appointing pro bono counsel.  Since the Court last considered Plaintiff's application to appoint pro bono counsel in March 2015, Plaintiff has filed, *pro se*, a successful motion to compel discovery and a successful motion to extend the time to compel discovery, indicating that he remains capable of presenting his own case, and thereby continuing to satisfy the first *Tabron* factor. *See* ECF docs. 25, 28.  Because nothing else has materially changed in the litigation that

would alter the Court's previous determination, the Court incorporates its findings from its March 23, 2015 Order regarding the remaining prongs of the *Tabron* test.  *See* ECF doc. 21.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 1st day of March 2016, hereby,

**ORDERED** that Plaintiff's application for pro bono counsel is **DENIED**. Plaintiff may renew his application for pro bono counsel if future proceedings increase his need for legal assistance.  The Court may also *sua sponte* renew Plaintiff's application in the future at any time it deems appropriate.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**